IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFF CORY SMITH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1478-M |
| | § | |
| JENNIFER BENNETT, | § | |
| Assistant District Attorney | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Jennifer Bennett, a Dallas County Assistant District Attorney, has filed a motion for judgment on the pleadings in this *pro se* civil rights action brought under 42 U.S.C. § 1983. For the reasons stated herein, the motion should be granted.

I.

In July 2004, a Dallas County jury convicted Plaintiff Jeff Cory Smith of aggravated assault and sentenced him to 15 years confinement. Defendant served as the lead prosecutor at plaintiff's trial. During that proceeding, defendant introduced evidence of plaintiff's prior criminal record, including a 2002 aggravated robbery for which he was acquitted. Despite the fact that all records relating to the robbery charge were ordered expunged, plaintiff contends that defendant knowingly violated the expunction order by presenting such evidence to the jury. Plaintiff now sues defendant for civil rights violations under 42 U.S.C. § 1983 and for negligence under Texas law.

Plaintiff originally filed this action in Texas state court. After timely removing the case to federal court,[1] defendant filed the instant motion for judgment on the pleadings alleging, *inter alia*, that plaintiff's federal and state claims are barred by the doctrine of absolute prosecutorial immunity. Plaintiff has not filed a written response to the motion.

II.

A motion for judgment on the pleadings provides a vehicle for the summary adjudication of a claim or defense after the pleadings are closed but before trial. FED. R. CIV. P. 12(c); *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). When, as here, a motion for judgment on the pleadings is based on the failure to state a claim, the motion is governed by the same standards that apply to a Rule 12(b)(6) motion to dismiss. *Praylor v. Partridge*, No. 7-03-CV-247-BD, 2005 WL 1528690 at *1 (N.D. Tex. Jun. 28, 2005) (Kaplan, J.) (citations omitted). The court may look only to the pleadings and must accept all well-pleaded facts alleged therein as true. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999). Judgment on the pleadings is appropriate only if the material facts are not in dispute and questions of law are all that remain. *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.), *cert. denied*, 119 S.Ct. 591 (1998).

A.

Section 1983 creates a remedy for the violation of federal constitutional or statutory rights by persons "acting under color of state law." *See* 42 U.S.C. § 1983. Although section 1983 contains no reference to official immunity, "Congress intended the statute to be construed in the light of common-law principles that were well settled at the time of its enactment." *Cousin v. Small*, 325

---

[1] Federal subject matter jurisdiction is proper because plaintiff's civil rights claim "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

F.3d 627, 631 (5th Cir.), *cert. denied*, 124 S.Ct. 181 (2003) (citing cases). One such principle is the doctrine of prosecutorial immunity. In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that prosecutors are absolutely immune from liability under section 1983 for their conduct in "initiating a prosecution and in presenting the State's case," insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler*, 96 S.Ct. at 995; *see also Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 S.Ct. 547 (1991). Texas courts also recognize the doctrine of absolute immunity for claims brought against prosecutors under state tort law. *See Clawson v. Wharton County*, 941 S.W.2d 267, 271-72 (Tex. App.--Corpus Christi 1996, writ denied).

B.

Plaintiff alleges that defendant violated his constitutional rights by introducing evidence of a prior aggravated robbery during his criminal trial, knowing that he had been acquitted of the robbery charge and that all records in that case had been expunged. The conduct of which plaintiff complains--the decision to introduce a particular piece of evidence during a trial-- is an act that is "intimately associated with the judicial phase of the criminal process." *Imbler*, 96 S.Ct. at 995. That plaintiff accuses defendant of malice or bad faith does not destroy her immunity. A prosecutor is entitled to absolute immunity even if she acts maliciously, wantonly, or negligently. *See id.* at 988; *Clawson*, 941 S.W.2d at 272. Even if the allegations against defendant are taken as true, plaintiff cannot overcome her entitlement to absolute immunity.[2]

---

[2] To the extent plaintiff attempts to state a claim under the Texas statute prohibiting the release, dissemination, or use of expunged orders, Tex. Code Crim. Proc. Ann. art 55.01, the court notes that this statute does not create a private right of action.

**RECOMMENDATION**

Defendant's motion for judgment on the pleadings [Doc. #4] should be granted. All claims against defendant should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 2, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE